Wilde, J.
It has been argued for the defendants, that this action cannot be maintained, because the plaintiff’s entry upon the premises demised to the defendant, Randall, for the purpose of terminating the lease, for the breach of the condition therein, by the non-payment of rent, was illegal; as the demand of payment was not made at the proper time. But we are of opinion that no demand was necessary. The provision in the lease is, that if the rent should not be paid the plaintiffs might enter “ without any further demand.” It has been argued that the word “ further ” implies that a previous demand had been made; but this would be an ab *218 surdity, for certainly one demand would be sufficient, without an agreement that no other demand should be required.
The word is not so appropriate as the word “ any,” but we think it has the same meaning in this lease; and so it has been construed in a similar condition. 1 Bac. Ab. Condition, O, 2.
Another objection on which the defendants rely is, that the condition in the lease is void, as it allows the forcible expulsion of the lessee and his effects, in contravention of the Rev. Sts. c. 104, § 1. This objection, we think, cannot be maintained, for several reasons. In the first place, the statute provides, that no person shall make any entry into lands or tenements, except in cases where his entry is allowed by law; and in such cases, he shall not enter with force, but in a peaceable manner. Now there is nothing in the condition of the lease allowing an entry by force; the condition therefore allows nothing prohibited by the statute. But it is said, that the condition allows of the expulsion of the lessee and his effects by force, and that such an expulsion is illegal, if not in contravention of the statute. But by the principles of the common law, some degree of force is allowed in expelling an intruder into a man’s lands or tenements, who refuses to quit, although he has no right to the possession. The owner is not justified to use such a degree of force, as would tend to a breach of the peace, but he is allowed to use such force as would sustain a plea of justification of molliter mcmus imposuit; and to such lawful force the condition in the lease must be considered as having reference.
The next question to be considered is, whether this action can be maintained against the two defendants, it being a joint action of trespass for the mesne profits of the whole premises leased to Randall; and we are of opinion that it cannot. Howland occupied a part only of the premises leased, as subtenant of Randall, and he was recognized as such by the plaintiff, who demanded rent of him ; he and Randall therefore cannot be liable jointly for the mesne profits of the whole premises ; but there may be a question perhaps whether both the defendants may not be liable for the mesne profits of that *219 part of the tenement leased by Randall to Howland. This question, however, has not been argued by counsel, and we have not considered it. If, therefore, the counsel wish to discuss this question, or to make any motion as to the form of the action, time will be allowed for the purpose before the final judgment.
After this opinion was delivered, the plaintiff had liberty to amend, by striking out the name of Malachi Howland firom the declaration; and judgment was entered by consent against Randall alone, Howland taking no costs.